UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MATTHEWS and
COLLEEN MATTHEWS,

         Plaintiffs,

                                           Civil Case No. 16-13463
v.                                     Honorable Linda V. Parker

GENERAL RV CENTER, INC.
and ALLY FINANCIAL,

         Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS (ECF NO. 32) AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23)

This lawsuit arises from Plaintiffs' purchase of a recreational vehicle from Defendant General RV Center, Inc. ("General RV") for which financing was provided by Defendant Ally Financial ("Ally"). After the case was transferred to this District from the Northern District of Ohio, Ally filed a motion to dismiss. In response, Plaintiffs stipulated to the dismissal of their claims against Ally. (ECF No. 20.) After General RV filed an Answer to Plaintiffs' Complaint on November 9, 2016, this Court set a scheduling conference to establish *inter alia* deadlines for discovery and dispositive motions. Before that conference, however, General RV filed a motion for summary judgment. (ECF No. 23.) In response to the motion, Plaintiffs filed a motion to voluntarily dismiss their claims with prejudice against

General RV.  (ECF No. 32.)  General RV opposes the motion, only to the extent that it wants any dismissal conditioned on an award of costs and fees.  (ECF No. 33.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to seek an order of the court or stipulation of the opposing party to voluntarily dismiss an action where, as is the case here, the opposing party has filed an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(2).  The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).  "[I]t is an abuse of discretion for a [c]ourt to refuse to grant such a dismissal with prejudice."  *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 345 F. Supp. 2d 836, 841 (M.D. Tenn. 2004) (citing *Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964)).  Nevertheless, Rule 41(a)(2) authorizes courts to impose "terms that the court considers proper" when granting a plaintiff's motion to voluntarily dismiss.  Fed. R. Civ. P. 41(a)(2).

Among the factors considered in determining whether to award defense costs under Rule 41(a)(2) are:

> "(1) whether the plaintiff acted in good faith in bringing
> and prosecuting the litigation; (2) whether the defendant
> incurred substantial expenses in defending the action; (3)
> whether the plaintiff delayed in bringing the motion to

2

dismiss; and (4) whether the work performed can be used
in a subsequently filed action."

*Seals v. Scutt*, No. 10-cv-15054, 2011 WL 1793331, at *2 (E.D. Mich. Apr.

20, 2011) (quoting *Yetman v. CSX Transp., Inc.*, No. 08–1130, 2009 WL 35351, at

*3 (W.D. Mich. Jan.6, 2009) (citations omitted).  For the following reasons, these

factors do not weigh in favor of an award of costs to General RV.

Plaintiffs were represented by counsel different from their current counsel

when they filed their Complaint in this matter.  Plaintiffs state that they now are

moving to dismiss their claims against General RV because their current counsel

has determined that some of those claims have no merit under Michigan law and

that they lack a sufficient legal basis to counter the arguments General RV asserts

in its summary judgment motion with respect to their remaining claims.  There

does not appear to have been any delay or lack of diligence on the part of Plaintiffs

in prosecuting the action.  It also does not appear that General RV has expended

significant resources to defending this action.  In fact, General RV represents in its

dispositive motion that no discovery is needed to be conducted to seek dismissal of

Plaintiffs' claims.  (ECF No. 23 at Pg ID 212.)

An award of attorney's fees under Rule 41(a)(2) is generally only

appropriate when a lawsuit is voluntarily dismissed *without* prejudice.  *Colombrito

v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *see also Spar Gas, Inc. v. AP Propane,

Inc.*, No. 91-6040, 1992 WL 172129, at *2 (6th Cir. July 22, 1992) (quoting *Smoot

*v. Fox*, 353 F.2d 830, 933 (6th Cir. 1965) ("*Smoot II*") (The rule in this circuit has long been that attorneys' fees are not awardable on a dismissal with prejudice, but are permitted against the dismissing party on a dismissal without prejudice …"). "The purpose of such awards is … to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito*, 764 F.2d at 133; *see also Smoot II*, 353 F.2d at 833.  "The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award."  *Colombrito*, 764 F.2d at 134.  As such, an award of attorney's fees following a dismissal with prejudice must be pursuant to Federal Rule of Civil Procedure 11 (as sanctions) or independent statutory authority.  *Degussa Admixtures, Inc. v. Burnett*, 471 F.Supp.2d 848, 853 (W.D. Mich. 2007) (citing cases); *Colombrito*, 764 F.2d at 134 ("Several courts have held that a Rule 41(a)(2) award of fees [when a lawsuit is dismissed with prejudice] is appropriate only when there is independent statutory authority for such an award. This Circuit has previously assumed as much."

(citations omitted)).  General RV does not provide the Court with such a basis for an award of attorney's fees in this case.

For the above reasons,

**IT IS ORDERED** that Plaintiffs' motion to voluntarily dismiss their Complaint with prejudice (ECF No. 33) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant General RV Center, Inc.'s motion for summary judgment (ECF No. 23) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 31, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager